[No. 3,635.]

THOMAS D. HARP *v.* MAHALA P. CALAHAN, Administratrix with the Will Annexed, of the Estate of S. W. Calahan, Deceased, et al.

MORTGAGE CLAIM MUST BE PRESENTED FOR ALLOWANCE. — A mortgage debt, which is a lien on property, the title to which is in the estate, or in which the estate has a residuary interest which constitutes a fund for the payment of debts, and is or may be subject to distribution, must be presented to the executor or administrator, and Probate Judge, for allowance, within the time required by the Probate Act, or it cannot be enforced in equity, even if no claim is made against the estate for a deficiency.

PRESENTING MORTGAGE CLAIM AGAINST ESTATE. — The cases heretofore decided by the Supreme Court, in relation to the presentation of a mortgage claim for allowance by the administrator or executor (except *Pitte* v. *Shipley, ante,* p. 154), refer to mortgages which were a lien on property which did not belong to the assets of the estate.

A MORTGAGE.—A mortgage does not convey the title to the property mortgaged, but only creates a lien on the property.

COMPLAINT IN ACTION TO ENFORCE MORTGAGE. — A complaint, in an action against an administrator, to enforce the lien of a mortgage, need not aver that notice to creditors has been published, but must aver the presentation of the mortgage claim for allowance.

WIFE'S INTEREST IN COMMUNITY PROPERTY. — The wife's interest in community property is subject to the payment of the debts of the estate, and is an asset for that purpose in the hands of the administrator.

WAIVER OF PRESENTATION OF CLAIM. — An administrator cannot waive the necessity of presenting a claim for allowance.

COMPLAINT IN ACTION TO ENFORCE MORTGAGE.—An allegation in a com-
plaint, in an action brought against an administrator to enforce a mortgage
given by the intestate, that the administrator waived the presentation of the
mortgage claim for allowance, is irrelevant.

APPEAL from the District Court of the Fifth Judicial District, County of Stanislaus.

The defendant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action; and, at the same time, moved the Court to strike from the complaint, as irrelevant and immaterial, the following allegations:

" VII.    That at the said several times after the said Calahan so becoming indebted, and executing and delivering the said notes and mortgages to the said plaintiff, the said Calahan was, and for a long time prior thereto had been married, and that the name of his then wife (and now surviving widow) was and is Mahala P. Calahan; that the land in said several mortgages described was acquired by the said S. W. Calahan by purchase from one James A. Brown, prior to said several mortgages, and during the marriage of the said S. W. Calahan and Mahala P. Calahan; and that the said mortgaged premises were the common property of the said S. W. and Mahala P. Calahan at the several times aforesaid of executing the said mortgages, and since the death of the said S. W. Calahan (as hereinafter stated), community estate of the said Mahala P. and her said deceased husband."

" VIII.    That at the said several times of executing said mortgages, and at the time of the death of the said S. W. Calahan, he was the owner of an inceptive homestead estate, entered under the Act of Congress entitled " An Act to secure homesteads to actual settlers on the public domain," approved May 20th, 1862, in and to a tract of land (adjoining the said mortgaged premises), containing one hundred and sixty acres, which said homestead entry or estate was

also made and acquired by the said S. W. Calahan, after and during his marriage with the said Mahala; and that the said S. W. and Mahala had their dwelling, resided, and made their home on said last described tract of land, and the same was and is community property of them, the said S. W. and Mahala."

The complaint then averred that, on the 7th day of January, 1871, S. W. Calahan, the deceased, made a will, "whereby, after directing that all his just debts shall be paid out of his estate by his executor, the said testator devises to the said Mahala P. Calahan all of the said real estate, including the said homestead tract and the said mortgaged tract, to have and to hold the same to her during her lifetime; and on and after her death the said land is devised to his three youngest children, namely: Stephen Calahan, Mary J. Calahan, and James L. Calahan, to be equally divided among them."

"XI. That the said Mahala P. Calahan, his wife, and the said Stephen Calahan, Mary J. Calahan, and James L. Calahan, his children, devisees of the said real estate, survived the said deceased; and after death of the said testator, the said Stephen died, he then being a minor, intestate, and without issue; and that the heirs at law of the said Stephen are the said Mahala, his mother, and the said minors Mary J. and James L., and an adult sister, Martha Ann Ross, wife of Henry Ross, and an adult brother, Andrew J. Calahan."

"XIII. That the debts of the said testator, exclusive of the said debts due to the plaintiff, are or may be fully paid out of the personal property, the same being common property, left at the death of the said testator, and that said debts were contracted during the said community."

"And that plaintiff is entitled to enforce said liens for payment of said respective debts.

"That the said debts to plaintiff, and the mortgages to secure the same, were contracted and given by the said de-

ceased for the use and benefit of the said S. W. Calahan and Mahala P. Calahan, as husband and wife, by and with the knowledge and consent of the said Mahala; and that said Mahala, ever since the death of her said husband, has well known of the existence of the said debts, and that no part thereof had been paid; and that there existed no offsets to said debts at the time of said S. W. Calahan's death, and that no payments have been made upon and no offsets have accrued against said debts since his said death.

"But plaintiff avers that either in the month of September or October, 1871, he, the said plaintiff, demanded of the said Mahala payment of the said mortgage debts, and then and there exhibited and read to the said Mahala the said several notes and mortgages, and informed the said Mahala that he was about to bring suit for the foreclosure of the said mortgages, and for the sale of said mortgaged premises to satisfy said debts.

"That said Mahala then and there represented to said plaintiff that if she was compelled at that time to make payment of the said debts, or even the interest then accrued thereon, she would be disabled from putting in a crop of grain; and it was therefore agreed by and between said plaintiff and the said Mahala, that he, the said plaintiff, should forbear to present his said claim for payment from and out of the estate of said deceased, and to bring suit for foreclosure, as aforesaid; and that she, the said Mahala, would pay off the said debt, entire, the year next ensuing; and that, in the event of a failure on her part to make such payment, she would obtain from the said Probate Court an order for the sale of said mortgaged premises, and with the proceeds of the sale satisfy said mortgages. And plaintiff avers that by reason of said agreement, he, the said plaintiff, did not present his claims, nor bring suit thereon, and

has awaited payment according to said agreement, but that payment has not been made of the said debts, or any part thereof, nor said order of sale obtained; but, on the contrary, as plaintiff is informed and believes, the said Mahala, pretending that said debts or claims are barred by law for non-presentation of the same to her as said administratrix, now refuses to recognize said notes and mortgages as existing debts or liens against the said mortgaged premises, or to pay or satisfy the same."

The Court sustained the motion to strike out. Mahala T. Calahan was not only made a defendant as administratrix, but was also made a personal defendant.

The other facts are stated in the opinion.

*J. B. Hall,* for Appellant, argued that the former decisions in this State, holding that a mortgage was not a conveyance of the title, ought to be modified, and proceeded thus:

The consequences of the construction claimed by respondents for sections one hundred and thirty and one hundred and thirty-six, would seem to be:

First—That the judgment, which is the effect of allowance and approval, cuts off a right of action on the note, or other evidence of the debt; and as there can be no suit for the debt, there could be none on the mortgage, its incident.

Second—If the debt or claim is rejected, the statute action does not enable the holder to foreclose.

Third—And in the event of the mortgagor's transfer of the land, it bars the remedy against his grantee, unless the mortgagee has first sought payment upon the personal liability of the mortgagor out of his general estate.

Fourth—The mortgagee is either confined to one remedy, or the right of election is taken away.

The requirement of section one hundred and thirty-three of the Probate Act, to wit: that if the claim be secured by

mortgage, the mortgage, or a description thereof, shall be attached thereto, is only designed to facilitate the intelligent performance of the executor's or administrator's administration of the estate, by furnishing him with full and exact information respecting its condition.

The argument founded upon the words "valid claim," in section one hundred and thirty-six of the Probate Act, in the opinion of Mr. Chief Justice SANDERSON in *Ellis* v. *Polhemus*, 27 Cal. 350, is effectually done away in the separate opinion of Mr. Justice RHODES in the same case.

The distinction between the claim against the estate and a lien on the land by mortgage, is pointedly recognized in this same section in its provision to the effect that "no lien against any estate shall be effected by the Statute of Limitation pending the proceedings for the settlement of such estate."

A construction (of the Probate Act) which treats property incumbered by a mortgage as being, to the extent of the mortgage debt, no part of the general assets, and leaving the mortgagee untrammeled in the enforcement of his lien, is in harmony with the special provision of the Act authorizing a judgment creditor, with the execution levied, to proceed to a sale, accounting to the executor or administrator for the surplus only.    (Probate Act, Sec. 141.)

The foregoing propositions tend to establish the ultimate one, to wit : that a mortgage is not a "claim" within the meaning of sections one hundred and thirty and one hundred and thirty-six of the Probate Act, and that a suit to foreclose and sell may be maintained thereon without presentation, as required by those sections.

And the law has been substantially settled this way by the principles recognized by this Court in the following analogous cases : *Lord* v. *Morris, supra; Fallon* v. *Butler, supra; Pichaud* v. *Riequet*, 21 Cal. 76 ; *Willis* v. *Farley*, 24 Cal. 490 ; *Dana* v. *Corduan*, 24 Cal. 165 ; *Ellis* v. *Polhemus,*

*supra; Christy* v. *Dana,* 34 Cal. 552; *Wright* v. *Ross,* 36 Cal. 414; *Sichel* v. *Carillo,* 42 Cal. 493; *Schadt* v. *Heppe,* 45 Cal. 433.

*Schell & Scrivner,* for Respondents.

The mortgaged premises are as much a part of the estate of the mortgagor after the execution of the mortgage as before, the title, both legal and equitable, being still in him. He has the absolute dominion and control of the mortgaged premises, and may sell and convey his entire title and estate therein subject only to the lien of the mortgage. (21 Cal. 609; 9 Cal. 365, 426; 15 Cal. 287; 16 Cal. 461.)

And upon the death of the mortgagor the property still remains a part of his estate and passes to his legal representatives, subject, first, to the payment of all his debts; and, second, to distribution to his heirs or persons entitled. (*Estate of Tompkins,* 12 Cal. 114.)

Again: The mortgages in this case sought to be foreclosed are mere incidents to the notes they were given to secure, and within the same limitation. They can have no validity or determinate value separate and independent from that of the notes. In the language of the Court in *Willis* v. *Farley,* 24 Cal. 497: "They follow the debt in whosesoever hands it may come by transfer or assignment, and remain of subsisting validity so long as the debt so remains, and become extinguished by the payment of the debt, and barred by the Statute of Limitations when the principle of which it is the incident becomes barred. Thus, it is to be observed that debts secured by mortgage are generally subject to the same rules of law applicable to those which are not secured."

While it may be considered well settled that the holder of a mortgage can maintain suit in equity to foreclose the lien of the mortgage against the executor or administrator of the estate of a deceased person, where the claim or indebtedness which the mortgage was given to secure had

been properly presented to the legal representatives of the deceased for allowance before suit was brought, whether it was allowed or rejected, we contend that it is equally clear that a mortgagee cannot maintain his action for a foreclosure of a mortgage lien upon the real estate of a deceased person, where the mortgaged property is a part of the general assets of the estate in the hands of the executor or administrator, without having first presented his claim for allowance within the time and in the manner required by law.

The case of *Schadt* v. *Heppe*, 45 Cal. 433, is not inconsistent with this view; on the contrary, the language of the Court seems fully to support the same doctrine.

By the Court, CROCKETT, J.:

In his lifetime one S. W. Calahan, now deceased, made and delivered to the plaintiff his two promissory notes and mortgages on real estate to secure their payment. Subsequently Calahan died, and by his last will and testament devised the land to his widow and minor children. The will was duly probated and letters of administration with the will annexed were issued to the widow. This is an action against the widow and other devisees to foreclose the mortgage, and was commenced in August, 1872. It appears on the face of the complaint that the notes and mortgages were never presented to the administratrix for allowance supported by the affidavit required by the Probate Act in the presentation of claims against the estates of deceased persons. But it does not appear whether a notice to creditors was ever published by the administratrix as required by law. The Court sustained a demurrer to the complaint, on the ground that the failure to present the claim for allowance was fatal to the action; and the plaintiff declining to amend, a final judgment was entered for the defendants, from which the plaintiff appeals.

It has never been authoritatively decided by this Court, I believe, whether a creditor holding a debt secured by a mortgage made by a deceased person, whose estate still held the equity of redemption and the legal title to the mortgaged premises, must first present his claim for allowance, as a condition on which he can maintain an action to enforce his mortgage lien. It has, however, been decided that if the mortgagor, after the execution of the mortgage, convey the legal title to a third person and ceases to have any interest in the property, and then dies, the mortgage lien may be enforced without the presentation of the debt for allowance as a claim against the estate of the mortgagor. (*Christy* v. *Dana*, 34 Cal. 553.) In another case this Court decided that if a wife make a mortgage on her separate estate to secure a debt of her husband, who subsequently dies, the mortgage may be enforced against the mortgaged premises, though the debt was not presented for allowance as a claim against the estate of the husband. (*Sichel* v. *Carillo*, 42 Cal. 493.) In a more recent case, we held that if the mortgagor die, still holding the legal title and equity of redemption, and if the mortgaged premises be set aside by the Probate Court as a homestead for the use of the widow and child, whereby the property was no longer subject to administration as assets of the estate, the mortgage lien may be enforced, though the debt was never presented for allowance as a claim against the estate. (*Schadt* v. *Heppe*, 45 Cal. 433.) All these cases proceed on the theory that in requiring claims against the estate of a deceased person to be presented for allowance, within a limited period, the statute contemplates only such claims as are sought to be enforced as a charge against the estate generally, or against specific property in which the estate has at least a residuary interest. In *Christy* v. *Dana*, the mortgagor, in his lifetime, had ceased to have any interest in the mortgaged premises. In *Sichel* v. *Carillo* the property mortgaged was the separate estate

of the wife, in which the husband, whose debt the mort-
gage was made to secure, never had any interest; and in
*Schadt* v. *Heppe* the mortgaged property was taken out of
the administration, and ceased to be assets of the estate for
the payment of debts or for distribution, from the time
when it was set apart as a homestead for the use of the
widow and child. In these cases, therefore, we held that,
inasmuch as neither the mortgage or mortgage debt was
sought to be made a charge upon the estate, or upon any
property in which creditors or distributees were interested,
they were not within the letter, and certainly not within the
spirit of the statute requiring claims *against the estate* to be
presented for allowance within a prescribed period. These
were not claims against the estate, in the sense of the statute,
inasmuch as no remedy was sought to be enforced against
the estate, or against any property in which it was in any-
wise interested. On the contrary, the proceeding was only
to enforce a lien against property in which the estate either
had never been or had ceased to be interested. The policy
which dictated the provision requiring *claims agains' the
estate* to be presented within a fixed period is perfectly
apparent. It was intended to expedite the settlement of
the estate, and to enable the administrator and the Probate
Court to ascertain speedily, and with certainty, what debts
were to be provided for, what sales of property would be
necessary, and when the estate would be ready for distribu-
tion. But these reasons do not apply to a case in which no
claim is asserted against the estate generally, nor against
any property in which it is interested. It would be a vain
and useless proceeding for a person who claimed nothing
from the estate, nor sought to establish a lien against any
property in which creditors or distributees were interested,
to present to the administrator for allowance a demand, not
claimed to be a charge upon the estate generally, or upon
any of its property. No possible damage or embarrassment

can accrue to the estate, from the omission to present such a demand; and the provision in section one hundred and thirty of the Probate Act, that "if a claim be not presented within ten months after the first publication of the notice, it shall be barred forever," means nothing more than that such a demand shall not thereafter be a charge upon the estate, or upon any property in which it has an interest. On the other hand, if it is sought to charge the estate generally, or any specific parcel of its property, the reasons already indicated establish the necessity of presenting the claim for allowance. If it be a mortgage, or any other form of lien on a specific parcel of property, the general title to which is in the estate, or in which it has a residuary interest which constitutes a fund for the payment of debts, and is or may be subject to distribution, it must be presented for allowance within the prescribed period. The mortgaged premises may be worth more than the amount of the mortgage; and it may be to the advantage of the estate to satisfy the mortgage out of other funds, and thus preserve the property from a forced sale. But whether it be or not, the administrator and the Probate Court are entitled to exercise their judgment in that particular, which they could not do understandingly, unless the claim be presented for allowance, supported by the proper affidavit, showing the amount justly due. It is only claims which have been presented and allowed that the administrator is authorized to pay; and hence, if a mortgage debt be not presented and allowed, the administrator would have no authority to pay it, and thus preserve the property from a forced sale, however much it might be to the advantage of the estate to do so. For these and other reasons which might be adduced, it is clear that a mortgage debt, under the circumstances stated, must be presented for allowance within the prescribed period, on pain of being thereafter " barred forever," as a charge upon the estate generally, or upon any specific parcel of its prop-

erty constituting a fund for the payment of debts, or for distribution. It is now too well settled in this State to be open to debate that a mortgage does not convey the title, but only creates a lien on the property, the title remaining in the mortgagor subject to the lien.

The demurrer to the complaint was therefore properly sustained. Nor is it material that it does not appear from the complaint whether a notice to creditors was published by the statute. If it had not been published the plaintiff may yet present his claim for allowance, within the proper time after publication. But in no event can he maintain an action to foreclose his mortgage until his claim has first been presented for allowance. If it had been presented and rejected section one hundred and thirty-four of the Probate Act authorizes an action to be brought within three months thereafter if it were then due, or if not then due, within three months after it shall have become due. If it had been presented and allowed he might at any time thereafter, if the debt were then due, have proceeded to foreclose his mortgage in the District Court. (*Willis* v. *Farley*, 24 Cal. 491.)

But without having first presented his claim for allowance he has no cause of action. Nor did the Court err in striking out portions of the complaint. The portion stricken out in no degree obviated the necessity of presenting the claim for allowance. Notwithstanding the fact that the mortgaged premises were community property, the wife's interest was subject to the payment of debts of the estate, and was an asset for that purpose in the hands of the administrator. Nor could the administratrix waive the necessity of presenting the claim for allowance. It was an obligation imposed by law, and she had no power to dispense with it.

In *Pitte* v. *Shipley*, *ante*, 154, we had occasion to consider

CAL. REPS. XLVI—30

the principal questions involved in this case, and the conclusions at which we arrived were in accordance with those above expressed.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.