## ESTATE OF MARY J. MARDEN.

### No. 7107—Aug. 12, 1878.

DECEASED MARRIED WOMAN.—CLAIM AGAINST HER ESTATE ON MORTGAGE TO SECURE
HER HUSBAND'S DEBT.  GROUND FOR ORDER OF SALE.

A mortgage given by a married woman to secure the debt of another is "a debt outstanding against the decedent," and a sale may be ordered in the Probate Court to pay it.

Construing sections, C. C. P., 1493, 1536.

*Gunnison & Booth* and *Tobin & Tobin*, for creditor.

*F. W. Tompkins,* for heirs.

Deceased was the owner of real estate, her separate property. Her husband gave his promissory note to the Hibernia Savings and Loan Society for a sum of money, and to secure its payment she joined her husband in a mortgage of a parcel of her separate real estate. A claim, based upon the note and mortgage, was presented to her executor, and allowed and approved. The executor, jointly with the Savings and Loan Society, asks this Court for an order of sale of the mortgaged premises, and that the proceeds, so far as required, be applied to the payment of the debt. This application is resisted on the ground, as contended, that the debt is not a "debt outstanding against the decedent," within the meaning of Sec. 1536, C. C. P.

By the COURT: The point involved in this controversy has not been directly passed upon in this State, so far as has been made to appear.

It is true that this may not be, in a technical sense, a debt of the decedent; but it is by her contract a debt for the payment of which a specific portion of her real estate is liable. Is it not, within the meaning of the Code, *a debt* outstanding against her? In the meaning of the Code, the words, "against the decedent," are the same as "against the property of the decedent." The Supreme Court, in Harp *v.* Calahan, 46 Cal., 231, say, in referring to the presentation of a similar claim, that "the policy which dictated the provision requiring claims against the estate to be presented

within a fixed period was intended to expedite the settlement of the estate, and to enable the administrator and the Probate Court to ascertain speedily and with certainty what debts were to be provided for, what sales of property would be necessary, and when the estate would be ready for distribution."

If, after such a claim has been presented, it cannot be paid by the executor, how is the settlement of the estate expedited? The executor would have simply to fold his hands and await foreclosure by the creditor; which might be deferred to within a day of four years, and at a rate of interest ruinous to the interest of the estate in the mortgaged property; whereas, by selling and forcing the creditor to take his money, something might be saved. If it is not a "debt outstanding against the decedent," the executor could not pay it, even if he had plenty of other resources.

Let a decree be made overruling the objections and that a sale be had.