HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. DENNIS JORDAN, Appellant.

No. 6215; May 19, 1880.

**Constitutional Law—Impairing Obligation—Change of Remedy.** If the legislature changes the remedy in respect of a contract, it does not thereby necessarily impair the obligation.

**Repeal of Statute—Whether Revives Barred Claim.**—A claim once barred through neglect by its owner to observe a requirement of a law then in force is not revived by the repeal subsequently of that feature of the law.

**Administration—Presentation of Mortgage Claim.**—The law in force in 1872 required a mortgage claim, like other claims, to be presented to the administrator for allowance. In 1873 the requirement was done away with, in 1874 it was restored, and in 1876 it was done away with finally.

APPEAL from Fourth Judicial District, San Francisco County.

Tobin & Tobin for respondent; George R. B. Hayes for appellant.

McKEE, J.—The appeal in this case is from a decree of foreclosure of a mortgage which was given by one Ellen Jobson on the second day of March, 1872, to secure payment to

the plaintiff of the promissory note described in the pleadings. The mortgagor (Ellen Jobson) died December 28, 1872, leaving a will which was admitted to probate; and letters testamentary were issued to the defendants, who qualified and entered on the discharge of their duties, and caused publication of notice to creditors of the estate to present their claims for allowance according to law. The first publication was made on February 21, 1873.

The mortgage claim in controversy was never presented to the executors, or any of them, but on the 30th of April, 1877, plaintiff commenced the action in hand to foreclose the mortgage. In the complaint, recourse to any property belonging to the estate other than that included in the mortgage is waived; but the executors claim that the plaintiff's right of action to foreclosure is forever barred by reason of the failure to present the mortgage debt as a claim against the estate, and that is the question.

At the time of the death of the mortgagor, of the appointment of the executors, and of the publication of notice to creditors, the law of this state required creditors of the estate of a deceased to present their claims to the executor or administrator of the estate, on pain of being barred. By section 130 of the old Probate Act it was enacted as follows: "If a claim be not presented within ten months after the first publication of the notice, it shall be barred forever; provided, if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute." Coexistent with that section, section 136 declared: "No holder of any claim, against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator."

Those two sections continued to be the law of the subject under consideration until the codes went into effect on the first day of January, 1873, and the declaratory sections 1493 and 1500 of the Code of Civil Procedure took their place. By section 1493 it was declared as follows: "If a claim is not presented within the time limited in the notice, it is barred forever, except as follows: If it is not then due, or if it is contingent, it may be presented within one month after it becomes due or absolute. When it is made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the probate judge, that the claimant had no notice,

as provided in this chapter, by reason of being out of the state, it may be presented any time before a decree of distribution is entered. A claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged, must be presented within one month after such deficiency is ascertained.''

And section 1500 declared that ''No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following cases: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the state subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint.''

But on the 25th of March, 1874, sections 1493 and 1500 were amended so as to read as follows:

''Sec. 1493. If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute, if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator, and the probate judge, that the claimant had no notice, as provided in this chapter, by reason of being out of the state, it may be presented any time before a decree of distribution is entered. A claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged, must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the probate judge, that the claimant had no notice, as provided in this chapter, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered.''

''Sec. 1500. No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator.''

Both sections were to take effect on the 1st of July, 1874.

It will be observed that section 1493, as it existed before and after July 1, 1874, required the holder of any claim to present it on pain of being barred. If he wished, as a creditor of the estate, to secure payment of his claim out of the assets of the estate, he was bound to make presentation within the time prescribed. That was the law as it stood on the 2d of March, 1875—the day that the mortgage debt in this case became due; and by the law the plaintiff had thirty days after it became due to make presentation of it. The thirty days expired April 2, 1875; and, as has been already said, the debt and mortgage in controversy never were presented to the executors, or any of them. As a claim against the estate, the debt and mortgage were therefore, according to the express provisions of section 1493, forever barred, unless it be that the law, as it existed during the administration of the estate, before the time of the bar of the statute had expired, did not impose upon the plaintiff the duty of presenting the debt and mortgage at all.

But the word "claim," as used in the law which was in existence before and after July 1, 1874—the date when section 1493 as amended took effect—comprises all debts and rights of action, all claims which existed at the time of the death of deceased, and could be asserted after his death against his estate in a court of equity. A mortgage debt created by a deceased person in his lifetime, whether it be due at the time of his death or thereafter, is one which may be asserted in a court of justice after his death; therefore it is a claim within the intent and meaning of section 1493, and must be presented. Presentation is required for two purposes—first, to secure payment of the debt out of the assets of the estate (an executor or administrator, as trustee of an estate, is entitled to know what debts and legal obligations exist against the estate, so that he may prepare to apply the assets in his hands to their discharge in the course of his administration); and secondly, presentation is necessary to keep alive the remedy upon the debt, and so to uphold the remedy upon the mortgage: Fallon v. Butler, 21 Cal. 24, 81 Am. Dec. 140; Willis v. Farley, 24 Cal. 490; Pitte v. Shipley, 46 Cal. 154; Harp v. Calahan, 46 Cal. 222.

If the mortgage debt be not presented, it is barred, and the remedy upon the mortgage is also barred; for as the

mortgage is but the incident of the debt whose payment it is given to secure, whatever bars the remedy upon the debt is effectual as a bar to the remedy upon the mortgage: Lord v. Morris, 18 Cal. 482; Heinlin v. Castro, 22 Cal. 100; McCarthy v. White, 21 Cal. 495, 82 Am. Dec. 754.

Attack is made upon section 1493, upon the ground that it is unconstitutional because it is said to be too restricted as to the time for enforcing the remedy upon claims to become due, and because it is retroactive upon vested rights of the plaintiff in the claim itself, and therefore impairs the obligation of the contract.

But when the corporation plaintiff took the note and mortgage in suit, it did so not only in view of the law as it then existed, but subject to the legal effect which the death of the mortgagor might have upon the remedies applicable to the note and mortgage. The rights and duties of parties to a contract are, of course, fixed by the terms of the contract itself; these cannot be changed by any legislation. But when the note and mortgage were given, the law which required presentation to be made of them, in case of the death of the maker, existed and entered into them as part of the contract itself; and no obligation of the contract is therefore impaired by that requirement, for it is one which relates merely to the remedy, and the remedy for enforcing all contracts—past as well as future—is subject at all times to the control of the legislature. That body must, of course, exercise its powers within constitutional limits. It cannot pass a statute of limitations which would deprive a person of all remedy, or restrict him unreasonably in time for availing himself of the remedy which is given. Time for the assertion of a right for enforcing the collection of a legal demand by judicial proceedings, which the statute of limitations purports to bar, must be reasonable. But the law under consideration is not open to the objection that it deprives the holder of a claim against an estate of all remedy, or that it unreasonably limits him as to time; for presentation is itself a remedy—it is in the nature of judicial proceedings against an estate, and as a remedy it is effectual for enforcing the collection of the claim. If allowed by the representatives of the estate, a quasi judgment is rendered in favor of the claimant, which ripens into a final judgment when the probate court, in which the estate is being admin-

istered, directs it to be paid. If rejected, the law affords ample time for the purpose of suit: Code Civ. Proc., sec. 1498. Whether it be a claim which should be allowed or rejected, the representative of an estate is entitled to know of its existence; for as trustee of the estate it is his duty to ascertain the legal demands against it, so that he may allow and settle them in due course of administration without wasting the estate in unnecessary litigation. For that purpose the holder of the claim in question could have availed itself of the legal remedy of presentation at any time before or after publication of notice to creditors of the estate of the deceased mortgagor, until the expiration of thirty days after the claim became due. It was not necessary for the plaintiff to delay presentation until it did become due. In Ricketson v. Richardson, 19 Cal. 330, the court says: ''The statute does not require a presentation of the notes, etc., to be postponed until after publication of notice by the executors, but the holder may anticipate such publication.'' So that, having had all the time from the grant of letters testamentary to the executors until thirty days after the claim became due, it cannot be said that the law which required its presentation within that time is unreasonably restricted in time.

Nor did the repeal of section 1500 as it existed before July 1, 1874, devest the plaintiff of any vested right in the claim. That section related also to the remedy. It gave the holder of a mortgage debt the right to foreclose the mortgage without presentation of the claim to the executor or administrator of the estate, upon the condition that he waive all recourse against any other property of the estate. But before the claim of the plaintiff had become due, so that the plaintiff in this case could avail himself of the remedy, the legislature repealed the law; and it is well settled that legislation that affects the remedy merely and does not deny the right is not open to objection upon constitutional grounds: Stoddart v. Smith, 5 Binn. (Pa.) 355; Ogden v. Saunders, 12 Wheat. (U. S.) 270, 6 L. Ed. 625; Hinckle v. Riffert, 6 Barr. (Pa.) 196; Cooley's Constitutional Limitations, 287. So in Tuolumne Redemption Co. v. Sedgwick, 15 Cal. 515, where an act of the legislature was passed as a substitute for a statute of redemption, the supreme court held that the act repealed the old rule of

redemption and provided for a new rule, and that the right to redeem was only a privilege given by statute; but, as it depended upon statute, it was a provision which might be repealed at any time. ''The legislature,'' says the court, ''may repeal or alter the provisions of the act so as to affect those who have not yet availed themselves of the statutory privilege, or, at all events, who are not yet in a condition to so avail themselves.''

It is true that the legislature on the 15th of March, 1876, restored the remedy; and it is now as a remedy existent, and was at the commencement of this action; but in the meantime the claim in controversy had become ''barred forever.'' The restoration of the remedy did not revive the claim. It was forever barred. No legislation could restore it again to validity as a claim against the estate represented by the defendants. The bar became a vested right in the estate, of which it could not be devested by subsequent legislation.

Judgment reversed and cause remanded.

I concur: Ross, J.

McKINSTRY, J.—I concur. The claim was never presented to the executors, and the right of plaintiff to sue accrued, if ever, at or subsequent to the date (March 2, 1875) when the mortgage debt became due. But as the law was at that date, and ever since has been, the plaintiff is expressly prohibited from maintaining the action by reason of the failure to present the claim. Nor—even assuming that the changes in the statutes are other than such as relate to the remedy—can plaintiff assert that the obligation of the contract has been impaired. At the time when the note and mortgage were executed, the law declared that no action should be maintained upon a claim which should not be presented to the executor and administrator. The plaintiff contracted with reference to the then existing law, which was substantially the same as the law in operation when the mortgage debt became due. For a portion of the period intervening between the two dates above mentioned, the statute authorized the foreclosure of a mortgage simply, although the claim which it was given to secure was not presented; but the plaintiff did not thereby acquire a vested right to maintain this action.