[Civ. No. 11995.   Second Appellate District, Division One.—June 22, 1940.]

## FRANCIS HARRISON BLACK, Appellant, v. GEORGE E. BROWNE et al., Respondents.

Lee Stanton for Appellant.

Pacht, Pelton, Warne & Black for Respondents.

DORAN, J.—This is an appeal from a judgment based upon an order sustaining a demurrer to the plaintiff's complaint without leave to amend.

The original complaint asked for declaratory relief and damages against the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Hollywood and Culver City Studio Local No. 37 thereof, and certain officials of said unions, both as officers and individuals, as defendants in said action.   A demurrer to said complaint was sustained with

leave to amend. A first amended complaint followed, to which a demurrer was sustained with leave to amend. In a second amended complaint setting up two causes of action, a demurrer was sustained with leave to amend as to the second count only. A third amended complaint was then filed which was limited to one cause of action for damages alleged to have resulted from a loss of wages. Briefly, it was alleged that defendants, in their individual capacity, conspired to "black list" plaintiff and deprive him of employment. The third amended complaint was essentially different, notably in the fact that the unions named as defendants in the former complaints were eliminated as parties defendant, and the alleged cause of action was directed against certain individuals only.

It is from the judgment based upon an order sustaining defendants' demurrer to this last-mentioned third amended complaint, without leave to amend, that plaintiff appeals.

Upon submission for decision of the issues raised by defendants' demurrer, plaintiff specifically requested leave to amend in the event the demurrer was sustained.

It is urged on appeal that the judgment based upon an order sustaining the demurrer, in the circumstances above recited, was an abuse of discretion.

Respondents submit that the questions presented are, First: "whether third parties are liable to an employee for preventing his employment by a particular employer, in the absence of a contract of employment (other than an employment at will) where the third parties did not use unlawful means such as force, fear or intimidation"; and second: whether "the appellant so stated his case as to sufficiently show facts giving rise to a cause of action".

The questions sought to be raised by respondents and to be settled in connection with the within appeal are beside the issue. The sole valid question presented by the appeal is, whether the judgment based upon an order from which plaintiff appeals was an abuse of discretion.

It is well settled that when the complaint states a cause of action the "face of the record would show an abuse of discretion" in sustaining a demurrer without leave to amend. (*Schaake* v. *Eagle etc. Can Co.*, 135 Cal. 472, 480 [63 Pac. 1025, 67 Pac. 759].) It is equally well settled that it is error to sustain a general demurrer without leave to

amend unless it appears that the complaint is incapable of amendment in a radical particular. (21 Cal. Jur., p. 121, and cases there cited.)

The demurrer was general, notwithstanding nine specifications set out in particular wherein it was alleged that the complaint was uncertain, ambiguous and unintelligible. Plaintiff was denied the opportunity to correct any of these alleged defects. It should be noted that although denominated the "third amended complaint", nevertheless it was apparently plaintiff's first effort to set up a cause of action against these particular defendants exclusively. Whether plaintiff's complaint in its present form and substance states a cause of action need not be determined. It is sufficient to note that plaintiff was entitled to the opportunity to amend as requested, for it cannot be determined from the present state of the record that plaintiff was seeking the legally impossible. As was declared in *Adkins* v. *San Francisco*, 8 Cal. App. (2d) 620 [47 Pac. (2d) 751], "From a reading of the complaint in question, it appears that plaintiff was attempting in good faith to state a cause of action. It is not at all clear that plaintiff could not have amended and obviated the objections raised by the demurrer. While defendants may be correct in their contention that plaintiff could not have amended so as to state a cause of action as to certain defendants, it cannot be said that plaintiff could not have amended so as to state a cause of action as to one or more of said defendants."

For the foregoing reasons the judgment based upon an order sustaining the demurrer to plaintiff's complaint is affirmed, but that portion of the judgment based upon an order denying leave to amend is reversed, with direction that such judgment based upon an order be modified to enable plaintiff to amend.

York, P. J., concurred.

White, J., deeming himself disqualified, did not participate.