[L. A. No. 29053.   In Bank.   Jan. 31, 1967.]

DAVID L. SATTERFIELD et al., Plaintiffs and Appellants, v. ALBERT F. GARMIRE, as Executor, etc., Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

McInnis, Focht & Fitzgerald and William T. Fitzgerald for Plaintiffs and Appellants.

Gray, Cary, Ames & Frye, C. M. Monroe, Gerald R. Schmelzer and Eugene L. Freeland for Defendant and Respondent.

MOSK, J.—Plaintiffs appeal from a judgment of dismissal entered after a general demurrer had been sustained to their amended complaint seeking damages for wrongful death and personal injuries from defendant in his capacity as executor of the estate of Robert P. Garmire, the alleged tortfeasor. Our task is to determine whether the action is barred by Probate Code section 707, which provides that such claims must be presented to the estate within six months after the publication of the notice to creditors.[1] We conclude that the purposes of the statute have been fulfilled and technical compliance therewith has been waived by defendant.

The complaint alleges that on July 2, 1963, Zora Lee Satterfield, the wife of plaintiff David L. Satterfield and the mother of the remaining plaintiffs, was killed in an automobile accident caused by the negligence of Robert P. Garmire, whose estate is represented by the defendant. In a second cause of action plaintiff David L. Satterfield seeks damages resulting from personal injuries which he sustained in the accident. The prayer is for general damages totaling $35,000 and for special damages of an unspecified amount.

Defendant was appointed executor of the last will of Robert P. Garmire in September 1963, and the first notice to creditors was published on September 11, 1963. The complaint alleges that in the same month negotiations were commenced between the agent of defendant's insurance company and the attorney who was then representing plaintiffs. During these negotiations the insurance agent asserted that in the event an action was filed either the liability of defendant would be admitted or the defense would be perfunctory in nature. At some time during the negotiations the agent offered to settle the claims for $9,000. This offer was rejected, and the negotiations continued.

---

[1] Probate Code section 707 provides in relevant part, "All claims . . . for damages for injuries to or death of a person . . . must be filed or presented within the time limited in the notice . . .; and any claim not so filed or presented is barred forever, . . ." Probate Code section 700 provides that the notice shall state that all claims are to be filed within six months after the first publication of the notice to creditors.

Thereafter, the parties agreed that although they had reached no impasse, plaintiffs should file an action against defendant in order to minimize the delay in securing a trial date if the negotiations eventually failed. The complaint was filed on November 15, 1963. Defendant's answer denied liability but did not assert the failure of plaintiff to file a claim with the estate. The negotiations proceeded after the complaint was filed, and the offer of settlement was reiterated.

The period for filing a claim with the estate expired on March 11, 1964. Eight days later defendant filed a pretrial statement in which he first referred to the provisions of Probate Code section 707 and maintained that the action was barred. On April 2, 1964, plaintiffs filed a formal claim with the estate. An amended complaint was filed on June 8, which alleges the facts as set forth above and claims that defendant is estopped from relying upon the failure of plaintiffs to formally present the claim within the period prescribed by Probate Code sections 700 and 707. The trial court sustained a general demurrer to the amended complaint and denied leave to further amend "unless plaintiffs conceive that a cause of action may be stated against the insurance company." Plaintiffs did not further amend the complaint, and a judgment was entered dismissing the action.

It is clear from the trial court's ruling that the demurrer was sustained in reliance on the provisions of Probate Code section 707, and the effect of that section presents the only issue of substance to be decided. Since it appears on the face of the complaint that the claim was not formally presented to the estate within the time prescribed by Probate Code section 707, the dispute is further limited to the question whether defendant or his representative acted in such a way as to excuse plaintiff's delay in formally presenting the claim. In resolving the legal issue, we deem the allegations of the complaint to be factually accurate. (*City of Beaumont* v. *Beaumont Irr. Dist.* (1965) 63 Cal.2d 291, 292 [46 Cal.Rptr. 465, 405 P.2d 377].)

Probate Code section 707 is intended to insure that the executor or administrator of an estate will be notified within a reasonable period of time of all claims so that the estate may be expeditiously settled and distributed to the legatees or heirs. (*Harp* v. *Calahan* (1873) 46 Cal. 222, 231; *Hurlimann* v. *Bank of America* (1956) 141 Cal.App.2d 801, 805 [297 P.2d 682].) In addition, it provides an opportunity for amicable disposition of a claim prior to the

commencement of any action and thus protects the estate from the expenses of needless litigation. (*Radar* v. *Rogers* (1957) 49 Cal.2d 243, 249 [317 P.2d 17]; *Thompson* v. *Koeller* (1920) 183 Cal. 476, 485 [191 P. 927]; *Preston* v. *Knapp* (1890) 85 Cal. 559, 561 [24 P. 811]; *Halbert* v. *Berlinger* (1954) 127 Cal.App.2d 6, 14 [273 P.2d 274].) ▮ The statutory requirement of presentation of a claim is not satisfied by service of summons and complaint in a lawsuit, although the pleadings do in their way provide an announcement of the amount and nature of the claim.

Other facts in the instant case, however, suggest that the purposes of the section have been fulfilled and defendant has in no way been prejudiced by the circumstance that the claim was not formally submitted until 22 days after the expiration of the period prescribed in the Probate Code. The complaint alleges that defendant's insurance agent carried on negotiations for approximately two months prior to the time the action was filed and that these negotiations were not terminated until after the period for filing claims had expired. Hence, it is clear that defendant received notice of the claim before the action was filed.[2] It is also apparent that the purpose of avoiding needless litigation has been fulfilled, for the action was filed by mutual agreement of the parties after two months of negotiations had failed to produce a settlement. Therefore, defendant has received all the benefits secured to him by Probate Code section 707 and it appears that formal presentation of the claim in the autumn of 1963 would, if anything, have caused further delay rather than expediting a settlement.[3]

Defendant nevertheless insists that the statute is mandatory, and precise compliance with its terms is imperative in all circumstances. He argues that the actions of the insurance

---

[2]These negotiations were conducted by the agent for defendant's insurance company rather than by the executor personally, but, as is more fully discussed below, the acts and knowledge of the agent should be attributed to the executor for the purposes of ruling upon the validity of the demurrer.

[3]The complaint also alleges that defendant is insured against any liability of his decedent arising out of the accident and that the policy limits are greater than the damages prayed for in the complaint. Thus, it may be argued that the application of Probate Code section 707 would serve no purpose since any recovery by plaintiffs would be paid by the insurance company and the estate would in no event be depleted. Similar considerations led to an amendment in 1959 of Probate Code section 709, which now provides that if an action is pending against the decedent at the time of his death, and if an insurer has accepted the defense of the action and has appeared therein, no claim is required except for amounts

agent should be disregarded since the provisions of the section cannot be waived. He also asserts that the complaint does not set forth facts supporting a claim of estoppel and concludes that the trial court was correct in sustaining the demurrer without leave to amend.

In contending that Probate Code section 707 cannot be waived, defendant relies primarily on *Hurlimann* v. *Bank of America* (1956) *supra*, 141 Cal.App.2d 801, which held that the statutory period for filing claims was binding even if the delay was caused by misrepresentations of the decedent, and that an executor or administrator could not waive the time limitations imposed by the Probate Code. In *Estate of Erwin* (1953) 117 Cal.App.2d 203, 204 [255 P.2d 97], the court denied recovery because the claim had not been filed within the prescribed period even though the administratrix had expressed the desire to satisfy the claim if she could legally do so. Other cases have similarly construed the provisions of Probate Code section 707 and contain assertions that the provisions of the section cannot be waived. (See *Harp* v. *Calahan* (1873) *supra*, 46 Cal. 222, 233; *Pearson* v. *Norton* (1964) 230 Cal.App.2d 1, 16-17 [40 Cal.Rptr. 634]; *Estate of Heigho* (1960) 186 Cal.App.2d 360, 367 [9 Cal.Rptr. 196]; *Estate of Smith* (1953) 122 Cal.App.2d 216, 217-218 [264 P.2d 638].)

The rule against waiver may be traced to the fiduciary capacity in which the administrator or executor acts. The courts have reasoned that his duty is to protect the interests of the legatees and heirs and to conserve the assets of the estate for their benefit. He would violate his fiduciary duties were he to allow claims which have been barred by Probate Code section 707 even if such claims would clearly be meritorious except for the circumstance that they were not presented within the prescribed period. (See *Estate of Erwin* (1953) *supra*, 117 Cal.App.2d 203, 204.) He cannot relinquish a valid existing defense to a claim. (*Pearson* v. *Norton* (1964) *supra*, 230 Cal.App.2d 1, 16.)

█ The instant case is distinguishable from the foregoing authorities in that defendant violated no fiduciary duty to the beneficiaries of the estate in waiving formal presentation of the claim. At the time of the alleged waiver, it was *conceded* that no valid defense existed to the claim. Thus, if any waiver

not covered by the insurance. Although it is difficult to rationalize the limitation of this rule to actions which are *pending* at death, the limitation is clearly stated. Thus the section is inapplicable to the present case, which was commenced *after* decedent's death. (*Estate of Middleton* (1963) 215 Cal.App.2d 324, 331 [30 Cal.Rptr. 155]; see 33 State Bar J. 413.)

occurred, it was merely of the right to formal presentation of the claim, and no substantial interest of the beneficiaries was surrendered.

This situation is comparable to *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426], which involved the effect of representations made by the former executor before the expiration of the period for filing a claim. The executor had negotiated a compromise settlement of claims which the estate and the creditor had against one another and had informed the creditor that no claim need be filed with the estate. The court held that even absent evidence of fraud or intentional misrepresentation, the estate should not be permitted to profit by the representations which had been made and could not rely upon the failure to formally present the claim within the prescribed period.

The court in *Katz* noted there was no California case law directly in point, but drew a useful analogy to *Farrell* v. *County of Placer* (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323]. In that case the plaintiffs brought an action to recover damages for injuries sustained in an automobile accident assertedly caused by the dangerous and defective condition of a bridge maintained by the defendant counties of Placer and Sutter. The trial court sustained demurrers on the ground of the plaintiffs' failure to comply with the requirement of the public liability statute, upon which the action was based, that a claim be filed with the county within 90 days after the accident. During that period, however, an agent of the defendants had visited one of the plaintiffs in the hospital and obtained a complete statement of the facts of the accident, the nature of the injury, and the claim for damages; he had offered to settle the case, and represented to her it would be satisfactory with the defendant for her to wait until she knew the extent of her damages before stating the amount of her claim or making a settlement. The plaintiffs had believed and relied on such statements of the defendant's agent, and accordingly forbore from taking any steps to assert their claim until the brief statutory period had elapsed. This court reversed the judgment of dismissal. We recognized that timely compliance with the claim statute was mandatory, but held that by reason of the conduct of their agent the defendant counties were estopped to complain of the late filing of the claim in that case. We examined a line of decisions said to establish that compliance with such claim statutes "cannot be waived or excused by estoppel," and distinguished each on its facts.

Again, in *Radar* v. *Rogers* (1957) *supra,* 49 Cal.2d 243, this court declined to require strict compliance with a statute very similar to Probate Code section 707. In that case, as here, the alleged tortfeasor was killed in the accident which gave rise to the plaintiffs' causes of action. The plaintiffs filed suit for damages against "John Doe and Jane Doe, as Administrator and/or Administratrix" of the tortfeasor's estate. The defendant was thereafter appointed as administratrix, and the plaintiffs presented her with their claims pursuant to section 707. She subsequently notified them she had rejected the claims, and they filed an amended complaint alleging these facts. The defendant successfully demurred on the ground the plaintiffs had failed to comply with the requirement of Probate Code section 714 that when such a claim is rejected the claimant must bring suit within three months *after* receiving the notice of rejection "or the claim shall be forever barred." We reversed the judgment of dismissal, stating (at p. 249) that "it would be too highly technical" to apply section 714 in its terms to bar a complaint prematurely filed. We distinguished cases setting forth the general rule that where an action is prematurely brought and the original complaint must fall, a supplemental or amended complaint has no place as a pleading. Finally, we stressed that "The substantial rights of the estate are not affected by the procedure followed by plaintiffs," and noted with approval "a liberal approach to the claims requirements of the Probate Code" illustrated by a similar, earlier decision of this court.

While none of the foregoing decisions gives precise guidance to us in the present case, that does not automatically bar recovery. ■ "Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention." (*Farrell* v. *County of Placer* (1944) *supra,* 23 Cal.2d 624, 628.)

■ We reiterate that generally it is not within the authority of an executor or administrator to waive formal presentation of a claim. But we conclude he may do so where this congeries of circumstances exists prior to the expiration of the period for filing a claim: he has knowledge of the claim and concedes its merit save only as to the specific sum; the estate is protected by insurance coverage exceeding the amount of the claim; and waiver results in relinquishment of no substantial benefit of or causes no detriment to the heirs or legatees.

Finally, we must decide whether the complaint alleges facts sufficient to support plaintiffs' theory of waiver. ██ The complaint alleges that negotiations took place for two months prior to the time the action was filed and that during this period defendant's insurer offered to settle the claim for a substantial sum. It is further alleged that the action was filed by mutual agreement of the parties prior to the termination of negotiations.

These allegations, while not a model of clarity, appear to state with sufficient exactitude to overcome a general demurrer the assertion that formal submission of plaintiffs' claim has been waived. Both plaintiffs and the insurance agent treated the claim as valid and existing, and it is difficult to reconcile the long negotiations and, more specifically, the offer of settlement, with the proposition that no claim had been recognized by the estate at the time the action was filed. The complaint also alleges that the insurance company acted as the "real party in interest" in the matter. Although this statement may be inaccurate, it clearly was intended as an allegation that responsibility for the negotiations had been assigned by the estate and that the insurance agent's acts and knowledge should be attributed to defendant.

Even if the complaint were vulnerable to a special demurrer, it appears from the allegations before us that the defects could have been cured by amendment. Therefore, the trial court erred in granting leave to amend the complaint only for the purpose of stating a cause of action directly against the insurance company. (*Payne* v. *Baehr* (1908) 153 Cal. 441, 448 [95 P. 895]; *Black* v. *Browne* (1940) 39 Cal.App.2d 606, 607-608 [103 P.2d 1012].)

Having so found, we do not reach plaintiff's alternative ground for reversal: that the executor himself was not properly qualified at the time notice to creditors was published. He has since qualified, rendering the issue moot.

The judgment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., and Peek, J.,* concurred.

BURKE, J.—I dissent.

The only case cited in the majority opinion (*ante*, p. 644) as presenting a situation comparable to that now before

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

us is *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426]. In *Katz,* however, the former executor who negotiated the compromise settlement of claims which the creditor and the estate had against each other and who informed the representative of the creditor that no claim need be filed with the estate, was an attorney who had for several years also been the legal adviser and attorney for the creditor's representative. After the statutory time for filing had passed, the administrator, who had been substituted for the executor, sued for the full amount of the estate's claim. In declining to permit him to repudiate the compromise the court points out (pp. 545-546 of 69 Cal.App.2d) that "Whether the compromise was valid as between the [former] executor and the estate is not involved in this proceeding. That he had power to compromise with the approval of the probate court is not questioned. (Prob. Code, § 718.5; *Estate of Lucas* [1943] 23 Cal.2d 454 [144 P.2d 340].) In the latter case it was said that the statutes requiring court approval 'neither enlarge nor abrogate the common-law power of the executors and administrators to enter into a compromise or settlement, but merely afford them additional protection from liability.' ''

In *Katz,* said the court, "The undisputed evidence is that such a compromise and settlement was made. The respondent [administrator] had no right to repudiate that settlement after the time to file a claim had expired."

The court's discussion of waiver and estoppel in *Katz* (p. 545) was also expressly limited to the question of whether an estate (with a newly appointed administrator) may repudiate the act of a former executor who has agreed to a compromise of an existing claim and has advised the creditor that he need not file a claim against the estate.

Likewise in *Estate of Johnson* (1966) 240 Cal.App.2d 742 [50 Cal.Rptr. 147], in which an administrator who had paid the decedent's funeral expenses less than two weeks after death, without requiring the filing of a claim therefor, was allowed reimbursement, the court's holding was limited to the narrow facts of the case: When the administrator petitioned for distribution of the estate he believed himself to be the sole distributee. However, by the time of the hearing on the petition a detective he had employed had discovered decedent's daughter, who had not been heard from for some 20 years but who then objected to allowance of the funeral expenses which the administrator had paid. Invoking principles of equitable

subrogation and of unjust enrichment (and of ingratitude by the daughter), the court pointed out further that expenses of last illness and interment are preferred charges against the estate. (Prob. Code, § 950.)[1]

Thus in both *Katz* and *Johnson* the court was confronted with situations which cried out for equitable relief, but the holding in each case seems not only narrow and specific but buttressed by reference to express rules of probate law. In the present case the opinion extends estoppel considerably further than it has ever been stretched before and I fear the door is being opened to untimely claims against estates which will be easy to assert and difficult to disprove. Others will seek to follow the same route to evade the fatal effect of failure to comply with the claims statute by alleging "conversations" with insurance representatives of the estate or even with an administrator during the claims period and asserting that such "conversations" preclude the estate from asserting the statute as a bar to prosecution of the claims.

For instance, the opinion assumes (*ante,* p. 642) that an insurance company's agent could be the "representative" of the executor, and at least three times (*ante,* pp. 641, 642, 646) refers to agreement of "the parties" although the agreeing "parties" were only the insurance company's agent and the attorney for plaintiffs. Plaintiffs' complaint does not even suggest that the executor at any time agreed to anything whatever. (Unlike *Katz,* where the executor told the claimant he need not file.)

In *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], relied upon in the opinion (*ante,* pp. 642, 645), plaintiffs timely presented their claims to the administratrix, and no question of asserted estoppel or of waiver of compliance with the claim-filing requirement was involved. Further, the defense that suit was commenced before the presentation and rejection of claim was termed "simply matter of abatement— a defense which is not favored, and must be made by plea, and in proper time, or it is waived." Further, stated the court in *Radar* v. *Rogers,* "Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it." (P. 250 of 49 Cal.2d.) By contrast in the present case, no claim was filed until after the statutory period therefor had expired; *that* defense (*not* an unfavored one) still existed when defendant raised it.

---

[1]They are not exempted from the claims statute, however.

Moreover, in the present case plaintiffs have pleaded none of the elements of estoppel. *Plaintiffs* were represented by an attorney and not by a layman who might have been heard to plead estoppel if, as in *Katz, supra* (*Katz* v. *A. J. Ruhlman & Co.*, 69 Cal.App.2d 541 [159 P.2d 426]) an attorney-executor had expressly told him the filing of a claim with the estate would be unnecessary. But here not only did the executor *not* tell plaintiffs or their attorney that no claim need be filed, but the executor made no representations of any nature to plaintiffs or their attorney—who negotiated only with the insurance company's agent and do not suggest that the subject of a claim was even mentioned.[2] Thus, the conclusion (*ante,* p. 645) that an executor or administrator "may" "waive formal presentation of a claim" if a stated "congeries of circumstances exists prior to the expiration of the period for filing a claim" I fear will open the door to the possibility of future fraudulent claims of a waiver which actually did not take place.

And certainly there seems no justification for the gratuitous statement (*ante,* p. 646) that although plaintiffs' allegation that the insurance company acted as the "real party in interest" in the matter "may be inaccurate, it clearly was intended as an allegation that *responsibility* for the negotiations had been *assigned* by the *estate* and that the insurance agent's acts and knowledge should be attributed to *defendant* [*executor*]." (Italics added.) I am unable to perceive any such intention in the quoted allegation from the complaint. Further, by what authority can it be held that the estate or the executor can "assign" responsibility to an insurance agent or to anyone else to carry on negotiations which would be attributed to or be binding upon the estate absent an agreed compromise and settlement entered into *by the executor* prior to expiration of the time for filing claims (as was the situation in *Katz* v. *A. J. Ruhlman & Co., supra,* 69 Cal.App.2d 541)? It is upon the executor that the statutory scheme laid down by the Legislature imposes the responsibility for administering the estate and protecting and conserving its assets. Additionally, could not the quoted statement from the opinion be taken to mean that a claimant who is

[2]The exact opposite situation was presented in *Farrell* v. *County of Placer* (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], cited in the opinion in the present case. In *Farrell* an agent of defendants was dealing directly with the injured plaintiff while she was still hospitalized, and made express representations to her which defendants attempted to repudiate after the statutory time for filing a claim had expired.

negotiating directly with the executor for settlement but who fails to file his formal claim within the statutory period is thereby excused from such filing, even though, as in the present case, no representations whatever were made to the claimant on the subject? But perhaps the negotiations will not be considered essential to a claim of waiver, as they are not included within the described "congeries of circumstances" which the opinion declares will authorize an executor or administrator to waive formal presentation of a claim.

The trial court held that the claim was barred by the statute but did not preclude whatever cause of action the claimant might be able to assert against the insurance company. The seemingly unfair aspect of this case which arouses sympathy emanates from the actions of the insurance representatives and it would appear that the insurance company and not the estate should be held responsible, assuming that the conduct of its representatives was so gross as to be actionable.

I would affirm the judgment of dismissal in favor of the executor.

McComb, J., concurred.