[Civ. No. 46531. First Dist., Div. Four. Jan. 10, 1980.]

PAMELA JEAN DOLAN, Plaintiff and Appellant, v.
JOSEPH EASTWOOD III, as Executor, etc.,
Defendant and Respondent.

COUNSEL

Atherton & Dunn and William Gerald Dunn for Plaintiff and Appellant.

Fitzgerald, Abbott & Beardsley and Gerald C. Smith for Defendant and Respondent.

OPINION

CALDECOTT, P. J.—Pamela Jean Dolan[1] appeals from the order of dismissal[2] entered following the sustaining of a general demurrer with-

---

[1] Plaintiff and appellant is Pamela Jean Dolan, individually and as representative of Pacific States Steel Corporation.

[2] The appeal is taken from the "Order of Dismissal"; however, a written order of dismissal, signed by the court and filed, constitutes a judgment. (Code Civ. Proc., § 581d.)

out leave to amend. ▉ The sole issue presented on this appeal is whether Probate Code section 709 governs, to the exclusion of Probate Code section 707, in the case of a creditor's claim filed by a nonresident while an action is pending against the decedent at the time of his death. We hold that section 709 governs, and affirm the judgment.

Pamela Jean Dolan, individually and as representative of Pacific States Steel Corporation (hereinafter appellant), filed a complaint on rejected claim for damages for breach of fiduciary duty and fraud in the Alameda County Superior Court against Joseph Eastwood III (hereinafter respondent), as executor of the estate of Joseph Eastwood, Jr.

Respondent filed a general demurrer and a motion to strike the complaint. The motion was granted and an order of dismissal and judgment were filed.

Appellant, a resident of the State of Nevada, filed a shareholder's derivative suit on behalf of Pacific States Steel Corporation in the United States District Court, Northern District of California, on May 15, 1975. Included as a defendant was Joseph Eastwood, Jr., who in 1975, was chairman of the board of directors of Pacific States Steel Corporation.

Joseph Eastwood, Jr., died April 26, 1977, during the pendency of the federal court action. His will was admitted to probate and on May 31, 1977, respondent was appointed executor of the estate. Notice to creditors of the decedent was first published on June 2, 1977.

On December 20, 1977, appellant filed two separate creditor's claims[3] based upon the federal court action. Each claim was rejected by respondent on the ground that neither claim was filed nor presented within the statutory period prescribed by Probate Code section 709.

On April 25, 1978, appellant filed a motion in the federal court action to substitute the estate of Joseph Eastwood, Jr., for the decedent. The motion was denied on the ground that appellant failed to comply with Probate Code section 709.

---

[3]One claim listed Pamela Jean Dolan as creditor, the other claim listed Pacific States Steel Corporation as creditor. Both claims were signed by Pamela Jean Dolan.

The federal court found that if appellant could perfect her claim in the state courts, she could again bring her motion to substitute in the federal court.

Certain claims against the estate of the decedent must be filed or presented within four months of the first published notice to creditors and if not so filed or presented, will be barred forever. (Prob. Code, §§ 700, 707, 709.)[4]

Section 707 states in part that "all claims arising upon contract ...and all claims for funeral expenses and all claims for damages for injuries to or death of a person or injury to property and all claims against the executor or administrator of any testator or intestate who in his lifetime has wasted, destroyed, taken or carried away or converted to his own use, the property of another person or committed any trespass on the real property of another person," must be filed within the prescribed time or are barred forever. A remedial clause is provided in section 707 and allows a claimant who had not received notice by reason of being out of the state to file or present a claim within one year after the expiration of the prescribed period, but before the petition for final distribution is filed.

Section 709 states in part, that "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection...." Section 709 provides that a late claim may be filed in the court's discretion if the claimant or his attorney did not have actual knowledge of the decedent's death at least 15 days prior to the expiration of the prescribed period for filing or presenting a claim.

Appellant, who is an out of state resident, contends that, pursuant to section 707, the late filing of her claim against the estate of Joseph Eastwood, Jr., is exempt from the four-month filing requirement. Appellant stated in the creditor's claims she filed that she had no actual knowledge of the period in which claims must be filed. This statement fulfills the requirement of section 707, but it does not resolve the question of whether section 707 is applicable to the present case. Appellant asserts that sections 707 and 709 overlap thereby providing out of state claimants who file pursuant to section 709 the extension of time pro-

---

[4]Unless otherwise indicated, all section references are to the Probate Code.

vided in section 707. The assertion is apparently based on the provision in section 709 that, "If an action is pending against the decedent at the time of his death, the plaintiff must in *like manner* file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases." The words "like manner" merely refer to the procedure to be followed in filing the claim and the section specifically provides its own exemption provision in case of late filing.

Respondent argues that since appellant had a suit pending against the estate of Joseph Eastwood, Jr., at the time of the decedent's death, she is subject to the provisions of section 709, not section 707.[5] We agree with respondent.

█ It is our duty to determine legislative intent by the language of the statute. "Significance should be given, if possible, to every word, phrase, sentence and part of an act." (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].) The language of sections 707 and 709 clearly distinguishes between those claimants who have actions pending against the decedent and other claimants who have not. The distinct wording of both sections leaves no confusion as to the intent of the Legislature. "[S]ection 707 is intended to insure that the executor or administrator of an estate will be notified within a reasonable period of time of all claims so that the estate may be expeditiously settled and distributed to the legatees or heirs. [Citations.] In addition, it provides an opportunity for amicable disposition of a claim prior to the commencement of any action and thus protects the estate from the expenses of needless litigation." (*Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 641-642 [56 Cal.Rptr. 102, 422 P.2d 990].)

Since section 709 refers only to those claims which are the subject of actions pending against the decedent, the representative is already familiar with the claim at the time of the decedent's death. Furthermore, out of state claimants who file pursuant to section 709 rather than section 707 are not being discriminated against as suggested by appellant. Section 709 gives to all claimants an extension of time to file their claims providing they can show that neither they nor their attorney had actual knowledge of the decedent's death at least 15 days prior to the

[5]There is no issue regarding the proviso within section 709 allowing for a late filing of the claim if the claimant or his attorney did not have actual knowledge of the decedent's death. Appellant admits that her attorney had actual knowledge of Joseph Eastwood, Jr.'s, death.

expiration of the prescribed period. Appellant fails to qualify for the extension since, as she admits, her attorney had actual notice of Joseph Eastwood, Jr.'s, death.

Except for the citation to *Sterling* v. *Title Ins. & Trust Co.* (1942) 53 Cal.App.2d 736 [128 P.2d 31], appellant provides the court with no judicial authority to support her proposition that the remedial clause of section 707 applies with equal force to claims filed pursuant to section 709. *Sterling* v. *Title Ins. & Trust Co., supra,* is inapposite to the case at bench. The court in *Sterling* limited its discussion to the type of notice, actual or constructive, a nonresident must have before he may avail himself to the remedial provision of section 707. Section 709 was not referred to in *Sterling*, nor were there any implications that the remedial clause of section 707 was to extend to claims filed under section 709.

Since the exemption provided in section 709 is not available to appellant, she is attempting, albeit unsuccessfully, to distort the clear wording of section 707 to avail herself of its benefits. She may not prevail. Appellant failed to file or present her claim within the prescribed time, thus the motion to dismiss was properly granted.

The judgment is affirmed.

Christian, J., and Poché, J., concurred.