[Civ. No. 11847.   Second Appellate District, Division Two.—December 16, 1938.]

In the Matter of the Estate of ETHEL M. MADANSKY, Deceased.   HARRY MADANSKY, Appellant, v. MAXWELL H. MADANSKY et al., Respondents.

Frederick H. Whitfield for Appellant.

Eugene L. Wolver for Respondents.

McCOMB, J.—This appeal transferred from the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4c of the Constitution of the state of California is from the portion of a decree establishing heirship and decreeing that respondent Maxwell H. Madansky is entitled to one-fourth of decedent's estate, and there is a

purported appeal from the order denying appellant's motion for a new trial.

These are the essential facts:

Ethel M. Madansky died February 12, 1935, leaving a last will and testament containing among others the following provisions:

*"Fifth:* I give and bequeath unto my son Maxwell H. Madansky an equal one-fourth of all my said estate of which I shall die seized, after payment of all just debts and costs of administration.

. . . . . . . . . . . . . .

*"Seventh:* I particularly provide herein that if either or any of said beneficiaries above mentioned should contest this my last will or interfere in any way with the administration and the carrying out of this my last will and testament, or bring suit, action or proceeding against my estate or my executor; or in case any suit, action or proceeding should be made necessary by my executor to carry out this my last will and testament, that such person bringing said suit or proceeding, or against whom it is brought, shall receive one dollar, and no more, in place and stead of the share and portion of said estate hereinafter devised to such person."

After decedent's will was admitted to probate and respondent appointed administrator of the estate he filed as a creditor a claim with the estate in the sum of $3,900. This claim upon being contested by other beneficiaries of decedent was disallowed. Respondent thereafter made two motions, which were denied, to have his claim reinstated.

■ This is the sole question to be determined:

*Will a forfeiture clause reading as set forth above be enforced against a beneficiary who presents a claim against an estate which is disallowed?*

This question must be answered in the negative. The filing of a claim by a beneficiary against an estate, which claim is disallowed, is not equivalent to contesting the will of decedent, failing to abide by its terms, or interfering with the administration of the will. (*Wright* v. *Cummins,* 108 Kan. 667 [196 Pac. 246, 247, 14 A. L. R. 604].) In considering a forfeiture clause in a will our Supreme Court in *Lobb* v. *Brown,* 208 Cal. 476, 490 [281 Pac. 1010], quotes with approval from the decision of the Supreme Court of Kansas in the case just cited. Therefore, since respondent's act in

filing an invalid claim against decedent's estate did not fall within the purview of the forfeiture provisions of the will, the decree determining heirship was correct.

An order denying a motion for a new trial is a non-appealable order. Therefore, the purported appeal from the order denying the motion for a new trial is dismissed. The decree is affirmed.

Crail, P. J., and Wood, J., concurred.