[Civ. No. 15600. First Dist., Div. Two. Apr. 6, 1953.]

Estate of BERTHA ERWIN, Deceased. H. NESSIER, Appellant, v. HEDDA NOACK, as Administratrix, etc., Respondent.

Fahey, Castagnetto & Gallen for Appellant.

Halsey & Leo for Respondent.

DOOLING, J.—Appellant attacks that portion of the order settling the final account of the administratrix which refused to approve appellant's claim against the decedent's estate for $552.64 alleged to have been paid by appellant for the expenses of decedent's last illness. Appellant did not file or present a claim within the time provided after publication of notice to creditors. However, the administratrix represented to the court that she believed the amount to be justly due and requested the court to authorize her to pay it. She filed no respondent's brief on appeal, her counsel stating in a letter to the court that appellant "should, in fairness and equity, receive payment if that could be legally done without the Administratrix incurring any personal liability."

We agree with the probate judge that it cannot be legally done. Section 707 Probate Code states in unequivocal terms that "any claim not so filed or presented is barred forever." It is appellant's position that despite this clear language the administratrix may waive the failure to present the claim in the time and manner provided by the Probate Code and the probate judge must concur in her waiver.

This argument overlooks the facts that the administratrix occupies a fiduciary duty to the heirs to protect their legal rights in the estate (*Larrabee* v. *Tracy,* 21 Cal.2d 645, 650 [134 P.2d 265] ; 11A Cal.Jur., Executors and Administrators, § 23, p. 75) and that the probate court is the guardian of the estates of deceased persons (*County of Los Angeles* v. *Morrison,* 15 Cal.2d 368, 371 [101 P.2d 470, 129 A.L.R. 443] ; 11 Cal.Jur., Executors and Administrators, § 6, p. 214).

It is the plain duty of both the administratrix and the probate judge to protect the estate against the collection of a debt which the statutory law expressly declares to be ''barred forever.''

The Supreme Court said in *Estate of Hincheon,* 159 Cal. 755, 760 [166 P. 47, 36 L.R.A.N.S. 303] : ''The court cannot relieve him (the creditor) of the consequences of his own neglect by directing the executors to pay a demand which became barred by his failure to pursue the plain requirements of the statute.''

There is nothing in *Whitmore* v. *San Francisco Savings Union,* 50 Cal. 145 nor in *Estate of Houston,* 205 Cal. 276 [270 P. 939, 60 A.L.R. 730] which authorizes the administratrix or the probate court to allow a claim not filed in time. The Whitmore case only holds that a secured creditor can still look to his security for the payment of the debt although he has not presented a claim against the decedent's estate and the Houston case deals with the payment of a debt of the decedent, presumably before the time for presenting claims has expired, without requiring the presentation of a claim, as authorized by what is now section 929, Probate Code.

The wisdom of not permitting the probate court and the administratrix to compromise the plain rights of the heirs in the fashion suggested here is well illustrated by the situation existing in this case. One-eighth of the estate goes to the administratrix and seven-eighths is distributed to heirs residing in Western Germany. If the estate is to be diminished by the payment of a claim which is declared by law to be ''barred forever'' what protection is afforded the foreign heirs who have not consented thereto ?

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.