[No. B025605. Second Dist., Div. Five. May 11, 1988.]

Estate of MIROSLAV STURM, Deceased.
HELENA STURM, as Administratrix, etc., Petitioner and Appellant,
v.
IRENA STURM NOVAKOVA, Objector and Respondent.

**COUNSEL**

Fred, Lewin & Behesnilian and R. Stephen Duke for Petitioner and Appellant.

Choate & Choate and Joseph Choate, Jr., for Objector and Respondent.

**OPINION**

**HASTINGS, J.*—**In this appeal, we must determine the time period in which a creditor's claim must be paid under Probate Code section 929, *infra.*

Miroslav Sturm, decedent, died intestate on January 23, 1984. Helena Sturm, appellant, his third wife, petitioned for letters of administration. In her petition, she declared that decedent had no children and that she was his sole heir at law. Letters of administration were issued to her.

In September of 1984, appellant filed her Inventory and Appraisement in the estate in which she declared that decedent's apartment house was the separate property of decedent. This was the primary asset in the estate.

On January 4, 1985, Irena Sturm Novakova, respondent, the daughter of decedent by his first marriage, filed a Petition to Determine Heirship. Respondent is a citizen of Czechoslovakia, as was decedent. Decedent

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

had left Czechoslovakia in 1950; however, his first wife chose to remain behind with respondent. Appellant attempted to defeat the petition of respondent by alleging she had never heard of decedent having a daughter and that respondent was not in fact his daughter.

After a contested hearing, the court found that respondent was in fact the daughter of decedent and continued the hearing on the issue of whether the property was the separate property of decedent or community property. Prior to this hearing, respondent discovered a recorded prenuptial agreement entered into between decedent and appellant wherein appellant agreed that all property of decedent and herself would be and remain separate property. In the same agreement, appellant also relinquished all rights to inherit from decedent. Appellant then agreed to settle her various claims against the estate and litigation pertaining to the distribution. Under the terms of the agreement, appellant would receive 30 percent of the proceeds of the sale of the apartment house and respondent 70 percent. It was further agreed that if, at the hearing of the Final Accounting, appellant was surcharged for any improper items, the total amount of the surcharge would go to respondent.

On April 25, 1986, appellant filed her First and Final Accounting, Petition for Final Distribution. This accounting revealed that after the four-month period for the filing of creditors' claims, appellant had paid out $27,911.58 for debts of decedent for which no creditors' claims were filed or presented. It was appellant's contention that her payment of these debts was proper under Probate Code section 929, because they were justly due and paid in good faith.

After a hearing on the objections, the court made its order settling appellant's final account as follows: "It Is Ordered, Adjudged and Decreed as Follows: [¶] 1. Helena Sturm is surcharged the sum of $27,911.58 for and on account of payments made to creditors of decedent after the expiration of the 4 month period of Notice to Creditors and without Creditors' Claims being filed or presented. The Court expressly finds that inasmuch as the payments which form the basis of the surcharge were unsupported by Creditor's Claims and were not made within the 4 month period of Notice to Creditors, such payments cannot be approved pursuant to the provisions of *Probate Code* Section 929, notwithstanding that the estate was solvent and that the payments were made in good faith and were valid debts of decedent; the Court exercising its discretion in the matter to deny such credit for payment."

## DISCUSSION

Probate Code sections 700 and 707 require creditors of an estate to file their claims or present them within a designated four-month period and any

claim not so filed or presented is forever barred.[1] Section 929 of the Probate Code provides as follows: "If it appears that debts of the decedent have been paid without verified claims having been filed or presented and allowed and approved, and it shall be proven that such debts were justly due, were paid in good faith, that the amount paid was the true amount of such indebtedness over and above all payments or set-offs, and that the estate is solvent, the court, in settling the account, shall allow the sums so paid."

It is appellant's position that section 929 creates a statutory exception to section 707, and payments to creditors after the four-month period by her were proper, because they were claims she *recognized* during the four-month period through initial payments on the debts commenced during this period. Appellant concedes that $27,911.58 was paid after the four-month period.

The court's order in connection with these debts stated, "that the payments were made in good faith and were valid debts of decedent . . . ," therefor the only issue before us is whether section 929 authorizes payment of bona fide claims not filed within the four-month period, where partial payments had been made by the estate representative during that period.[2]

The court, in making its ruling in our present case, relied on *Estate of Erwin, supra,* 117 Cal.App.2d 203, but appellant claims reference to section 929 is only dictum and should not be followed. In the *Estate of Erwin,* the court refused to approve a claim for $552.64 for expenses of decedent's last illness. No claim for this expense had been filed in the estate; however, the administratrix represented to the court that she believed the amount to be justly due and requested authorization to pay it. The appellate court agreed with the probate judge who refused the payment. In referring to section 707 the court noted, "[i]t is the plain duty of both the administratrix and the probate judge to protect the estate against the collection of a debt which the statutory law expressly declares to be 'barred forever.' " The reference to section 929 in the opinion was in conjunction with a reference to the *Estate of Houston* (1928) 205 Cal. 276 [270 P. 939, 60 A.L.R. 730]. The court stated, "There is nothing in . . . *Estate of Houston* . . . which authorizes the administratrix or the probate court to allow a claim not filed in time. . . . [T]he Houston case deals with the payment of a debt of the

---

[1] There are statutory exceptions not pertinent to this appeal.

[2] Although not controlling on the trial court or this court, the Probate Policy Memorandum of Los Angeles County, as well as Alameda County, has interpreted the section as requiring payments made under the provisions of section 929 to be made within the four months allowed by section 707. The same position has been taken by Judge Arthur K. Marshall in his treatise, California Probate Procedure (3d ed.) and Goddard, California Practice (3d ed. 1977) volume 2, Probate Court Practice. All of the above base this interpretation upon *Estate of Erwin* (1953) 117 Cal.App.2d 203 [255 P.2d 97].

decedent, presumably before the time for presenting claims has expired, without requiring the presentation of a claim, as authorized by what is now section 929, Probate Code. [¶] The wisdom of not permitting the probate court and the administratrix to compromise the plain rights of the heirs in the fashion suggested here is well illustrated by the situation existing in this case. One-eighth of the estate goes to the administratrix and seven-eighths is distributed to heirs residing in Western Germany. If the estate is to be diminished by the payment of a claim which is declared by law to be 'barred forever' what protection is afforded the foreign heirs who have not consented thereto?" (117 Cal.App.2d at p. 205.)

We agree with the trial court that section 929 must be read in conjunction with section 707. The latter section plays a very important part in the statutory scheme designed to quickly expedite the closing and finalization of a decedent's estate. It is necessary to determine as soon as possible the assets of the decedent and the debts in order to protect the rights of the heirs. (*Estate of Erwin, supra*, 117 Cal.App.2d 203.) For this reason we believe the law, as stated in *Erwin* and *Houston*, is generally correct, and section 929 does not extend the time for paying bona fide debts where no claim has been filed or acknowledged by the representative of the estate. However, where as here a debt of the estate has been recognized by the representative by a partial payment within the four-month period, a different situation exists. If the balance due meets the requirements of section 929, the court pursuant to the section should have the authority to approve the payments. This exception does not defeat the objects of the statutory scheme, *supra,* of section 707. When a creditor's claim is filed within the four-month period and accepted by the representative of the estate, actual payment of the creditor's claim is quite often paid after the four-month period has expired. The partial payment of the debt verifies the existence and knowledge of the debt within the time limit set by section 707, and justified payment of the balance, if justly due and paid in good faith.

In this case, the court found that the $27,911.58 payments would have satisfied the requirements of section 929, if paid in the four-month period. We are, however, talking about numerous debts and we cannot tell from the record whether all or some of the debts had been partially paid within the four-month period. Appellant's supplement to her final account states: "It is acknowledged that many debts were paid without the requested formal claims being filed but request is made for waiver and exemption from such requirements per Probate Code Section 929. . . ." This matter must be returned to the trial court in order to determine which debts had received partial payment during the four-month period required. If payments were made on all of the debts, then the judgment of the court shall be modified to approve these payments. If part of the $27,911.58 includes debts that were

not recognized and partially paid within the four-month period, then these debts shall be eliminated and the $27,911.58 reduced accordingly.

The judgment is reversed and remanded for modification in conformity with this opinion. Costs to appellant.

Ashby, Acting P. J., and Boren, J., concurred.

A petition for a rehearing was denied June 8, 1989, and respondent's petition for review by the Supreme Court was denied July 21, 1988.