Filed 4/25/14  P. v. Quinn CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066604 |
| v. | (Super. Ct. No. F12903927) |
| GREGORY WAYNE QUINN, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell, III, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Poochigian, J., and Franson, J.

Appellant, Gregory Wayne Quinn, appeals following his conviction by plea of robbery (Pen. Code, § 211). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Shortly before 10:00 p.m. on May 29, 2012, victim one drove with victim two to an apartment complex in Fresno to buy marijuana from Quinn. After parking at the complex victim one got out and met with Quinn at the corner of a building. Quinn then brandished a small silver gun and demanded victim one's money. Victim one turned to run and heard several clicks as if the gun had misfired.

Victim two saw victim one running away from the complex yelling that he was being robbed. Victim two then saw Quinn at his car window pointing a gun at his face and demanding that victim two give him all his money. Victim two told Quinn he did not have any money and gave Quinn his phone. Quinn left victim two and pursued victim one. When Quinn caught up to victim one, he pointed the gun at victim one's head and told him to give him everything he had. Victim one gave Quinn $700 that he had intended to use to purchase marijuana.

Meanwhile, victim two fled and located some police officers at a nearby apartment complex. While an officer spoke with victim two, other officers contacted Quinn inside a gray car that matched the description of the car in which the robber left the scene of the robberies. Victim two was driven to the location and identified Quinn as the man who robbed him. Victim one also identified Quinn as the man who robbed him. Quinn identified himself with a false name to the officers.

On November 9, 2012, the district attorney filed an information charging Quinn with two counts of robbery (counts 1 & 2), one count of providing a false name to a police officer (§ 148.9, subd. (a), count 3), two separate personal use of a firearm enhancements (§§ 12022.5, subd. (a) & 12022.53, subd. (b)) in counts 1 and 2, and three

2

prior prison term enhancements (§ 667.5, subd. (b)). The information also alleged that Quinn had two prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On December 20, 2012, the prosecutor asked the court to strike the allegations that Quinn had two convictions within the meaning of the three strikes law because the underlying convictions occurred before Quinn was 16 years old and thus did not qualify as strikes. Quinn then pled no contest to the robbery charged in count 2 in exchange for the dismissal of the remaining counts and allegations and a lid of two years.

On February 1, 2013, the court sentenced Quinn to the mitigated term of two years.

On February 4, 2013, Quinn filed a timely appeal. He did not, however, obtain a certificate of probable cause.

Quinn's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on June 20, 2013, Quinn contends: 1) he was denied the effective assistance of counsel in entering his plea because his defense counsel failed to adequately investigate his case, misadvised him on his sentence exposure, and failed to communicate with him; 2) defense counsel was ineffective at the preliminary hearing because he failed to file a motion to dismiss for lack of evidence, failed to impeach the victims' testimony with inconsistent statements, and failed to object to certain unspecified evidence; and 3) his appellate counsel provided ineffective assistance of counsel because he failed to review the appellate record and raise reasonably arguable issues.

Quinn's claim that he received ineffective assistance at his preliminary hearing raises issues that are foreclosed by his no contest plea because they go to his guilt or innocence. (*People v. Jones* (1995) 10 Cal.App.4th 1102, 1109.) His claim that he was

3

denied the effective assistance of counsel in entering his plea is foreclosed by his failure to obtain a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) Further, both ineffective assistance of counsel claims are not cognizable on appeal for the additional reason that they are all based on matters outside the record. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1183 ["our review on a direct appeal is limited to the appellate record"].)

Moreover, "[t]he test for determining whether a criminal defendant received ineffective assistance of counsel is well settled. The court must first determine whether counsel's representation 'fell below an objective standard of reasonableness.' [Citation.] The court then inquires whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citations.]" (*People v. Jones* (2010) 186 Cal.App.4th 216, 234-235.)

Quinn has not identified any reasonably arguable issues that appellate counsel failed to raise. Thus, there is no merit to Quinn's contention that appellate counsel provided ineffective representation.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4